NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 29 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GLENDA V. AMAYA-JIMENEZ, et al.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-534

Agency Nos.
A209-980-614/615

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2023**
San Francisco, California

Before: MILLER and KOH, Circuit Judges, and MOLLOY, District Judge.***

Lead petitioner Glenda Vanessa Amaya-Jimenez ("Amaya-Jimenez")[1]

and her minor child, as rider-derivative, appeal the Board of Immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

[1] "Amaya-Jimenez" refers to both the lead petitioner and her minor child, as rider-derivative, 8 U.S.C. § 1158(b)(3)(A) ("A spouse or child . . . of an alien

Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). "We review the denial of asylum, withholding of removal, and CAT claims for substantial evidence." *Id.* at 1028. "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* We deny the petition.

1.    Substantial evidence supports the agency's denial of asylum. No nexus exists between Amaya-Jimenez's purported particular social group and her past or future fear of persecution. *See Aden v. Wilkinson*, 989 F.3d 1073, 1084 (9th Cir. 2021) ("To meet this nexus requirement, an applicant must show that the protected ground was at least one central reason the applicant was persecuted.") (internal quotation marks omitted). Amaya-Jimenez herself testified that she was afraid of the gang members because "they think [she] reported them to the police" and "because they want[ed] [her] to pay them extortion fees." That testimony supported the agency's finding that the harm

who is granted asylum . . . may . . . be granted the same status as the alien if accompanying, or following to join, such alien."), even though the rider-derivate is not eligible for withholding of removal nor CAT protection, *see Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005).

she feared is not on account of any protected ground but is based on being the victim of a crime and a fear of generalized criminality. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

2. Substantial evidence also supports the agency's denial of withholding of removal. Although the nexus standard is more lenient in the withholding of removal context, *see Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (holding that, for withholding, an applicant must only prove that protected ground was or will be "a reason" for persecution), Amaya-Jimenez fails to demonstrate any nexus.

3. Amaya-Jimenez has neither preserved nor exhausted her CAT claims. Amaya-Jimenez raised a CAT protection argument with the IJ but did not do so with the BIA or this Court. Because an argument not substantially raised on appeal is considered waived, *Aguilar-Ramos v. Holder*, 594 F.3d 701, 703 n.1 (9th Cir. 2010), Amaya-Jimenez has not preserved the issue here. Moreover, because Amaya-Jimenez did not raise the issue before the BIA, it is not exhausted. *See* 8 U.S.C. § 1252(d)(1).

**PETITION DENIED.**